IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN ALLEN WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-cv-170-JTA |
| | ) | (WO) |
| THE CITY OF DOTHAN, | ) | |
| ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendants' Motion for Summary Judgment. (Doc. No. 67.)  The Court has carefully reviewed the brief in support of the motion (Doc. No. 68), Plaintiff's response in opposition thereto (Doc. No. 73), Defendants' reply (Doc. No. 75), and the supporting and opposing evidentiary materials.  For the reasons set forth below, the Court finds that the motion for summary judgment (Doc. No. 67) is due to be GRANTED.

## I.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and

identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322–324.  A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party.  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp.*, 477 U.S. at 324.  To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor.  *See Anderson*, 477 U.S. at 255.  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(e).  As stated by the Court in *Celotex*, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial," the moving party is entitled to summary judgment.  *Celotex Corp.*, 477 U.S. at 322.

## II.    FACTUAL BACKGROUND[1] AND PROCEDURAL HISTORY

This case stems from the arrest of Plaintiff John Allen Walker on March 30, 2010, in Dothan, Alabama, and his subsequent prosecution for obstruction of governmental operations.  The undisputed facts are as follows.

Defendant Steve Parrish ("Chief Parrish") has been Chief of the Dothan Police Department since May 1, 2015.  (Doc. No. 68-1, Ex. A, Parrish Aff. at 1.)  The City of Dothan, Alabama ("Dothan") Police Department requires appropriate in-service training of its officers over and above what is required by the State of Alabama.  (*Id*. at 3.)  The Dothan Police Department has been certified by the Commission on Accreditation for Law Enforcement Agencies since July 2012.  (*Id*.)  On March 30, 2010, the date this cause of action arose, Chief Parrish was the Captain of the Administrative Services Division of the Dothan Police Department.  (*Id*. at 2.)  As Captain of the Administrative Services Division, Chief Parrish's responsibilities did not include the training of Dothan Police officers or the supervision of officers assigned to the Patrol Division of the Dothan Police Department. (*Id.*)

Defendant Michael Miller ("Officer Miller") was employed as a Dothan Police officer from July 30, 2007, until November 30, 2011.  (*Id.* at. 2.)  Officer Miller was

---

[1] As it must when ruling on a motion for summary judgment, this Court accepts the evidence of the nonmovant – here, Walker – as true and draws all justifiable inferences in his favor.  *Anderson*, 477 U.S. at 255.

certified by the Alabama Peace Officer's Standards and Training (APOST) Commission at all times during his employment and received training that met or exceeded the minimum standards required by the Commission as a Dothan Police officer.  (*Id.*)

Daniel Grantham ("Officer Grantham") has been employed as a Dothan Police officer since February 11, 2008.  (*Id.* at. 3.)  Officer Grantham has been APOST certified at all times during his employment and has received training that meets or exceeds the minimum standards required under the Alabama Peace Officer's Standards and Training Commission as a Dothan Police officer.  (*Id.*)

On March 30, 2010, Officer Miller was conducting a traffic stop near the intersection of Shirley and Burdshaw Streets.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 2; Doc. No. 68-3, Ex. C, Circuit Court Tr. at 30–31.)  Officer Grantham was dispatched as backup and began directing traffic while Officer Miller conducted the traffic stop.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 2; Doc. No. 68-3, Ex. C, Circuit Court Tr. at 32–33.)  While directing traffic, Officer Grantham observed a white minivan occupied by two individuals approach and stop by the vehicle involved in the traffic stop.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 2; Doc. No. 68-3, Ex. C, Circuit Court Tr. at 34-35.)  Plaintiff John Walker was in the passenger seat, and his wife, Beverly Walker, was the driver of the white minivan.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 2; Doc. No. 68-3, Ex. C, Circuit Court Tr. at 34–36.)  The Walkers communicated with the individual involved in the traffic stop. (Doc. No. 68-2, Ex. B, Grantham Aff. at 2; Doc. No. 68-3, Ex. C, Circuit Court Tr. at 61-62.)

This is where the undisputed facts end and the factual disputes begin.  Defendants aver Officer Grantham approached the minivan while signaling for the driver to continue moving and verbally instructed the driver to keep moving. (Doc. No. 68-2, Ex. B, Grantham Aff. at 2-3.)  As Officer Grantham approached the passenger side of the minivan, he informed the Walkers that the officers were on a traffic stop and they needed to keep moving.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 2-3; Doc. No. 68-3, Ex. C, Circuit Court Tr. at 35–37, 62.)  According to Officer Grantham, John Walker did not comply with his instructions and argued with him.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 3; Doc. No. 68-3, Ex. C, Circuit Court Tr. at 37–38.)  According to the Walkers, the road was blocked by oncoming traffic that prevented Beverly Walker from complying with the instructions by the officer.  (Doc. No. 73-2, Beverly Walker Aff. at 1; Doc. No. 68-3, Ex. C, Circuit Court Tr. at 62-63.)  The Walkers assert that John Walker did not argue with the officer. (Doc. No. 73-2, Beverly Walker Aff. at 2; Doc. No. 73-1, John Walker Aff. at 2.)

The encounter between the officers and the Walkers continued until John Walker was arrested.  One of the officers placed John Walker under arrest for obstruction of governmental operations and transported him to the Dothan City Jail for booking.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 3-4; Doc. No. 68-3, Ex. C, Circuit Court Transcript at 40–41.)  The Walkers assert that it was Officer Miller who placed John Walker under arrest. (Doc. No. 72 at 1; Doc. No. 73-1 at 1; Doc. No. 73-2 at 2.)  But, according to Officer Grantham, he placed John Walker under arrest.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 3-4.)

On April 2, 2010, Officer Grantham prepared a complaint charging John Walker ("Walker") with obstruction of governmental operations, which was signed and sworn before City of Dothan Magistrate Valarie Savage.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 4; Doc. No. 68-5, Ex. D, Compl.)  Neither Chief Parrish nor Officer Miller took part in preparing, signing or swearing to the complaint against Walker.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 4-5; Doc. No. 68-1, Ex. A, Parrish Aff. at 2.)

On October 21, 2011, Walker pled not guilty to the charge of obstruction of governmental operations in the Dothan Municipal Court and a trial was held.  (Doc. No. 68-9, Ex. E, Municipal Court Case Disposition.)  Officer Grantham testified at the trial. (Doc. No. 68-2, Ex. B, Grantham Aff. at 4-5.)  Neither Chief Parrish nor Officer Miller testified or assisted in any way in the municipal court trial.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 4-5; Doc. No. 68-1, Ex. A, Parrish Aff. at 2.)  After trial, the municipal judge found Walker guilty and sentenced him to 30 days in jail with execution of the sentence suspended for two years.  (Doc. No. 68-9, Ex. E, Municipal Court Case Disposition.)  The municipal judge also ordered Walker to pay a fine of two hundred and fifty dollars ($250.00) and ordered him to pay court costs.  (*Id*.)

On October 26, 2011, Walker appealed his conviction to the Houston County Circuit Court for trial *de novo*.  (Doc. No. 68-7, Ex. F, Notice of Appeal.)  On March 8, 2016, Walker's appeal was tried before a jury in the Circuit Court of Houston County.  (Doc. No. 68-3, Ex. C, Circuit Court Tr.; Doc. No. 68-2, Ex. B, Grantham Aff. at 4.)  Officer Grantham was the sole witness for Dothan at the trial.  (Doc. No. 68-2, Ex. B, Grantham Aff. at 4-5; Doc. No. 68-3, Ex. C, Circuit Court Tr. at 3, 30–49, 106–119.)  Neither Chief

Parrish nor Officer Miller testified or assisted in any way in Walker's circuit court trial. (Doc. No. 68-2, Ex. B, Grantham Aff. at 4-5; Doc. No. 68-1, Ex. A, Parrish Aff. at 2.) Walker was found not guilty by the jury and was discharged by Houston County Circuit Judge Brad Mendheim. (Doc. No. 68-4, Ex. C, Circuit Court Tr. at 141; Doc. No. 68-8, Ex. G, Verdict.)

Walker filed this action against the City of Dothan, Chief Parrish, and Officer Miller on March 12, 2018, alleging claims of false arrest, unlawful search, false imprisonment, failure to train, and malicious prosecution. (Doc. No. 1.) Walker received leave to amend his Complaint twice (Docs. No. 12, 30) and filed his Second Amended Complaint on July 27, 2018 (Doc. No. 31). The Second Amended Complaint alleges two claims against the City of Dothan, Chief Parrish and Officer Miller: (1) malicious prosecution in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and (2) malicious prosecution under Alabama state law, through the Fourth and Fourteenth Amendments to the United States Constitution. (Doc. No. 31 at 6-8.) Walker seeks compensatory damages in the amount of $100,000, punitive damages in the amount of $300,000, attorney's fees, and any further relief deemed appropriate by this court. (*Id.* at 8.)

### III.    JURISDICTION

This Court has subject matter jurisdiction over Walker's federal claim pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391.

# IV.   DISCUSSION

A. <u>Statute of Limitations Bars Walker's Federal Claim</u>

In Count One of his Second Amended Complaint, Walker alleges under 42 U.S.C. § 1983 that Defendants City of Dothan, Chief Parrish, and Officer Miller (collectively "Defendants") violated his Fourth and Fourteenth Amendment right "to be free of unwarranted prosecution" following the dismissal of his obstruction of governmental operations arrest and charge.  (Doc. No. 31 at 6.)  Defendants move for summary judgment, arguing *inter alia* that Walker's § 1983 claim fails because his claim is barred by the statute of limitations.  (Doc. No. 68 at 8.)

Walker was charged with obstruction of governmental operations on April 2, 2010, and he was convicted following a bench trial on October 21, 2011.  (Doc. No. 68-5, Ex. D, Compl.; Doc. No. 68-9, Ex. E.)  Walker appealed his conviction to the Houston County Circuit Court.  (Doc. No. 68-7, Appeal.)  According to the Second Amended Complaint, Walker's *de novo* appeal was tried before a jury on March 10, 2016, where he was found not guilty and his case was dismissed.  (Doc. No. 31 at 7.)  Walker filed his Complaint in this Court on March 12, 2018.[2]  (Doc. No. 1.)

Contrary to Walker, Defendants aver in their motion for summary judgment that the appellate verdict in favor of Walker occurred on March 8, 2016, and attach the verdict form supporting their assertion.  (Doc. No. 68 at 9; Doc. No. 68-8 at 1.)  Thus, Defendants argue

---

[2] As Defendants admit that March 10, 2018, occurred on a Saturday, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the filing of Walker's Complaint on Monday, March 12, 2018, would be considered timely if the statute of limitation began to accrue on March 10, 2016.

that the March 12, 2018, filing of Walker's Complaint was untimely and his malicious prosecution claim is barred by the two-year statute of limitations. *Id.*

In response, Walker does not dispute that the correct date of the verdict in his favor was March 8, 2016, but argues that pursuant to Alabama law, a claim for malicious prosecution does not begin to accrue "until the time of filing a notice of appeal in the underlying case has expired." (Doc. No. 73 at 2). Walker asserts that pursuant to Alabama law his claim did not begin to accrue until the 42-day deadline to file a notice of appeal had expired, which would fall on April 19, 2016. Walker relies on *McConico v. Patterson* in which the court notes that the Supreme Court of Alabama has held that "'a malicious prosecution action does not accrue until the time for filing a notice of appeal in the underlying case has expired; and, if an appeal is taken, the action for malicious prosecution will not accrue until the appeal has been finally decided.'" 204 So. 3d 409, 415 (Ala. Civ. App. 2016) (quoting *Barrett Mobile Home Transp., Inc. v. McGugin*, 530 So. 2d 730, 733 (Ala. 1988)).

There is no specific statute of limitations for a § 1983 action. *Owens v. Okure*, 488 U.S. 235, 239 (1989). "All constitutional claims brought under § 1983 are tort actions and, thus, are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The parties do not dispute that, in Alabama, the statute of limitations for a § 1983 action is two years. *See Lufkin v. McCallum*, 956 F.2d 1104, 1106 n.2 (11th Cir. 1992).

To support a malicious prosecution claim, a plaintiff must show:

(1) institution or continuation of an original judicial proceeding, either civil or criminal; (2) by or at the instance of the defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) injury or damage as the result of the prosecution's complaint.

*Kroger Co. v. Puckett*, 351 So. 2d 582, 585 (Ala. Civ. App. 1977). Of importance to the statute of limitations issue before the Court is the third of these elements which requires termination of a judicial proceeding in Walker's favor. Courts have consistently held that a cause of action for malicious prosecution cannot accrue until a plaintiff can meet the element that requires a judgment in their favor. *See Heck v. Humphrey,* 512 U.S. 477, 489–90 (1994) ("Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, [. . .] so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."). Hence, in this case, the earliest possible date that Walker's malicious prosecution claim can accrue is March 8, 2016, when the Houston County Circuit Court returned a verdict in his favor and his criminal case was discharged.

The Court considers Walker's argument but is not persuaded as both *McConico* and *Barrett Mobile Home* are distinguishable to the case at bar. In *McConico*, the court found that the date that the plaintiff's criminal case was nol-prossed was "the earliest possible date the malicious-prosecution claim would have accrued," and since the civil complaint was filed one year and four months after that date, it was well within the two-year statute

of limitations period.  204 So. 3d at 415–16.  The court never addressed the notice of appeal deadline because it did not apply to the particular set of facts before the court.

On the other hand, while the court in *Barrett Mobile Home* addressed the notice of appeal deadline issue at length, it is distinguishable from the instant case because the initial case that served as the basis for the subsequent malicious prosecution action in *Barrett Mobile Home* was a civil action, not a criminal prosecution.  530 So. 2d at 731.  The underlying action arose when the plaintiffs filed a civil suit against the defendant for damages sustained during transport of the plaintiffs' mobile home, along with counterclaims filed by the defendant.  *Id.*  A jury found in favor of the plaintiffs on both their claims as well as on the defendant's counterclaims.  *Id.*  The defendant filed several post-judgment motions and, while they were pending, the plaintiffs filed a separate malicious prosecution action regarding the defendant's counterclaims.  *Id.*  The Supreme Court of Alabama noted that "the effect of an appeal from a favorable judgment in the underlying proceeding on a plaintiff's right to maintain an action for malicious prosecution is one of first impression in Alabama."  *Id.* at 732.  The court reviewed the differing lines of case law with respect to the effect of the pendency of an appeal on meeting the third element of a malicious prosecution claim.  *Id.*  In the interest of eliminating "repetitious and unnecessary litigation," the court held that "the pendency of an appeal will preclude an action for malicious prosecution."  *Id.*

The *Barrett Mobile Home* court then turned to the question of the "appropriate judicial response when the malicious prosecution plaintiff files the action *prior* to the time

the appeal is taken." *Barrett Mobile Home Transp., Inc.*, 530 So. 2d at 733 (emphasis in

original).  The court stated:

> [i]f a cause of action for malicious prosecution is deemed to accrue at the
> entry of final judgment in the underlying case, any malicious prosecution
> action filed in the period between the trial court's entry of judgment and the
> expiration of the time for filing a notice of appeal would be overshadowed
> by the specter of the losing party's right of appeal.  Indeed, if that party filed
> a notice of appeal, the malicious prosecution action would then be due to be
> dismissed, since the proceedings would not be considered terminated until
> after the appellate court's decision.
> [. . .]
> [W]e follow those courts that have held that the accrual of a malicious
> prosecution action is postponed until appeal is precluded, thus eliminating
> the filing of needlessly premature cases. We agree that it is "a waste of
> judicial resources and inequitable" to allow a malicious prosecution plaintiff
> to file the action <u>while there is a right to appeal extant</u>.

*Id.* (citation omitted and emphasis added).   Thus, the court held that "a malicious

prosecution action does not accrue until the time for filing a notice of appeal in the

underlying case has expired; and, <u>if an appeal is taken, the action for malicious prosecution

will not accrue until the appeal has been finally decided</u>."  *Id.* (emphasis added).

Here, Walker was convicted of his obstruction of governmental operations charge

following a bench trial on October 21, 2011.  (Doc. No. 68-9, Ex. E.)  Walker timely

appealed his conviction to the Houston County Circuit Court.  (Doc. No. 68-7, Ex. F.)

Walker's appeal was tried before a jury on March 8, 2016, where he was found not guilty

and he was discharged.  (Doc. No. 68-8, Ex. G, Verdict.)  Walker filed his Complaint in

this Court on March 12, 2018. (Doc. No. 1.)  Unlike in *Barrett Mobile Home*, Walker

timely appealed his conviction and his appeal was resolved in his favor prior to filing his

malicious prosecution action in this Court.  No right to appeal the acquittal of Walker

existed.  Indeed, in a civil action such as *Barrett Mobile Home*, both parties possess the right to appeal the final judgment of the court; however, when a criminal action is discharged in the criminal defendant's favor following a "not guilty" jury verdict, there is no possible appeal to be had by either party.  *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 (2016) ("In criminal cases, however, only one side (the defendant) has recourse to an appeal from an adverse judgment on the merits.  The Government 'cannot secure appellate review' of an acquittal,  . . . for 'the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause.'").  Accordingly, the Court finds that Walker's malicious prosecution action accrued on March 8, 2016, the date his conviction was reversed and his appeal was decided.  *See In re BFW Liquidation, LLC*, 471 B.R. 652, 667 (Bankr. N.D. Ala. 2012) ("There being no appeal possible from the dismissal of the underlying criminal action against the plaintiff, her malicious prosecution action accrued when her case was dismissed post-confirmation."); *Hall v. Alabama*, No. 2:09-CV-342-MHT, 2010 WL 582076, at *6 (M.D. Ala. Feb. 18, 2010) (holding that the § 1983 claim for malicious prosecution accrued upon the final dismissal of the criminal proceedings);  *Kelly v. Serna*, 87 F.3d 1235, 1240 (11th Cir. 1996) (applying the malicious prosecution statute of limitations to a *Bivens* action and holding that "[u]nder *Heck* and *Abella,* a *Bivens* claim accrues on the date a court of appeals of competent jurisdiction reverses a conviction and no retrial is permitted");  *Burgest v. McAfee*, 264 F. App'x 850, 852–53 (11th Cir. 2008) (holding that the malicious prosecution claim began to accrue on the date the jury acquitted the plaintiff "and that acquittal favorably terminated the criminal action"); *Stewart v. City of Montgomery*, No. 2:13-CV-

859-MEF, 2014 WL 2154203, at *3 (M.D. Ala. May 22, 2014) (holding that the criminal proceeding was resolved in the plaintiff's favor on the date that the judge dismissed the criminal case after granting the government's motion to nolle pross). Walker's complaint in this court was not filed until March 12, 2018, four days after the statute of limitations had expired, therefore his Section 1983 claim is barred by the two-year statute of limitations.[3]

B. Walker's Federal Claim

Even if Walker's Section 1983 claim were not barred by the statute of limitations, he has failed to carry his burden of proof. In Count I of his Complaint, Walker alleges under 42 U.S.C. § 1983 that Defendants violated his Fourth and Fourteenth Amendment right "to be free from deprivation of liberty without due process of law" when Officer Miller arrested him without probable cause, in bad faith, willfully, and beyond his authority. (Doc. No. 31 at ¶¶ 22–25.) Defendants move for summary judgment, arguing *inter alia* that Walker's § 1983 claim fails because there is "no evidence sufficient to establish a claim of malicious prosecution against Chief Parrish and Officer Miller," and Walker "has not established facts sufficient to impose municipal liability" against Dothan. (Doc. No. 68 at 10-12, 17-18.) The Court agrees with Defendants.

1. Individual Liability of Chief Parrish and Officer Miller

Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42

---

[3] Notably, Walker did not provide any argument that would support equitable tolling of the statute of limitations.

U.S.C. § 1983. "To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)). As previously stated, to support a malicious prosecution claim, a plaintiff must show:

> (1) institution or continuation of an original judicial proceeding, either civil or criminal; (2) by or at the instance of the defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) injury or damage as the result of the prosecution's complaint.

*Kroger Co.,* 351 So. 2d at 585. Defendants challenge Walker's ability to prove the first, second, and fifth elements.[4] The Court addresses only the first two elements and finds that Walker's failure to prove these elements are fatal to his § 1983 claim for malicious prosecution against Chief Parrish and Officer Miller.

Defendants aver that neither Chief Parrish nor Officer Miller instituted or continued the criminal prosecution of Walker's obstruction of governmental operations charge. (Doc. No. 68 at 11.) Specifically, Defendants argue that Officer Grantham arrested Walker and was "the sole witness for the city in the subsequent trials in both the City of Dothan Municipal Court and the Houston County Circuit Court." (Doc. No. 68 at 11.) In support of their argument, Defendants submit the affidavit of Officer Grantham (Doc. No. 68-2),

---

[4] Defendants also argue that Chief Parrish and Officer Miller are entitled to qualified immunity; however, since this Court determines that summary judgment is due to be granted in favor of Chief Parrish and Officer Miller due to Walker's failure to establish a prima face case, the Court pretermits discussion on qualified immunity.

the transcript of the Houston County Circuit Court jury trial (Docs. No. 68-3, 68-4), and the criminal complaint signed and filed by Officer Grantham (Doc. No. 68-5).

Walker, however, asserts that Officer Miller was the arresting officer and instituted the criminal proceeding against him.  (Doc. No. 73 at 3.)  Walker submits his own affidavit (Doc. No. 73-1), and the affidavits of his wife (Doc. No. 73-2) and his son (Doc. No. 73-3).  The Walkers state in their affidavits that Officer Miller was the officer who arrested Walker, and thus assert that Officer Miller initiated the criminal prosecution against Walker at the time of the arrest.  (Doc. No. 73 at 3; Doc. No. 73-1 at 1; Doc. No. 73-2 at 2.)  Additionally, Walker asserts that Defendants have not provided the "booking document to show which officer initiated the incarceration at the jail" or "jail documents showing the charge upon booking."  (Doc. No. 73 at 3.)  Therefore, Walker asserts that there is a "disputed issue of fact regarding who initially arrested him."  (Doc. No. 73 at 5.)

The only evidence presented to the Court on this issue consists of dueling affidavits. It is well-settled law that the Court must "draw all inferences and review all evidence in the light most favorable to the non-moving party."  *Ft. Lauderdale Food Not Bombs v. City of Ft. Lauderdale*, 901 F.3d 1235, 1239–40 (11th Cir. 2018) (quoting *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted and alteration adopted)).  Thus, for the purposes of summary judgment, the Court views the facts presented in a light most favorable to Walker, as the nonmoving party, and accepts the statements contained in the affidavits submitted that Officer Miller was the arresting officer on the scene of the March 30, 2010, traffic stop.

Nevertheless, regardless of which officer arrested Walker, the malicious prosecution claim fails because the action that is the prerequisite for a successful claim —the commencement of a judicial proceeding by arraignment or indictment— was not completed by Officer Miller.  When the malicious prosecution arises from a plaintiff's warrantless arrest, as was the case here, the Eleventh Circuit has explained that "a plaintiff's warrantless arrest 'cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment, and was not one that arose from malicious prosecution as opposed to false arrest.'  For purposes of a malicious-prosecution claim when a warrantless arrest occurs, 'the judicial proceeding does not begin until the party is arraigned or indicted.' "  *Abercrombie v. Beam*, 728 F. App'x 918, 927 (11th Cir.), *cert. denied*, 139 S. Ct. 418 (2018) (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004), *abrogated on other grounds by Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020) (internal citations omitted)); *see also Cottam v. City of Wildwood*, 750 F. App'x 791, 795 (11th Cir. 2018), *cert. denied sub nom. Cottam v. Pelton*, 139 S. Ct. 1602 (2019) ("Under the second prong, a § 1983 plaintiff must prove that he 'was seized in relation to the prosecution, in violation of his constitutional rights.'  In the case of a warrantless arrest, this requires that the party was arraigned or indicted, not merely arrested.") (internal citations omitted).

For purposes of summary judgment, it matters not who arrested Walker, but rather it is the Court's responsibility to determine if Walker has made a showing sufficient to establish that Officer Miller was involved in the actual institution or continuance of the prosecutorial process.  The uncontested facts show that on March 30, 2010, Officer Miller

was conducting a traffic stop with an unknown third party, when the Walkers approached the scene.  Although Officer Grantham was the officer who initially made contact with the Walkers, Officer Miller interrupted his traffic stop to assist Officer Grantham.  Accepting Walker's version of the events, Officer Miller then placed Walker under arrest and transported him to the Dothan Municipal Jail.

Upon review of the record, there is no additional evidence that Officer Miller had any further participation in the criminal case against Walker or the appeal thereof.  It is undisputed that on April 2, 2010, following the warrantless arrest, Officer Grantham prepared a criminal complaint charging Walker with obstruction of governmental operations.  (Doc. No. 68-5.)  It was this act of preparing and signing the criminal complaint that was the vehicle to commence the criminal prosecution or judicial proceeding against Walker which ultimately led to his arraignment, conviction and acquittal.[5]  (Doc. No. 68-5 ; Doc. No. 68-9.)  The record further indicates that it was Officer Grantham who attended and testified as Dothan's sole witness at Walker's criminal trial before the Dothan Municipal Court on October 21, 2011, and at the March 8, 2016, appeal before the Houston County Circuit Court.  (Doc. No. 68-3 at 30–49; Doc No. 68-4 at 106-119; Doc. No. 68-5; Doc. No. 68-9.)  Thus, it was Officer Grantham – not Officer Miller – who is clearly the party responsible for the institution and continuation of the judicial proceeding and the

---

[5] The Court notes that Case Number MC11-10-531 notated on the April 2, 2010, complaint matches the case number on the document used by Dothan Municipal Court during the October 21, 2011, arraignment and trial which establishes that the criminal complaint prepared and signed by Officer Grantham was the charging document tied to the prosecution of Walker.  (*See* Doc. No. 68-5; Doc. No. 68-9.)

alleged malicious prosecution.[6]  Accordingly, Walker has failed to show that there was an institution or continuation of a judicial proceeding by or at the instance of Officer Miller and thus failed "to make a showing sufficient to establish the existence of an element essential to his case, and on which [he] bear[s] the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322.  Consequently, Officer Miller is entitled to summary judgment on Walker's § 1983 claim for malicious prosecution.

Likewise, Walker has failed to show how Chief Parrish instituted or continued the criminal prosecution and the Court finds nothing contained within the record to support his involvement in the initiation or continuation of the prosecution.  "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Ross v. State of Ala.*, 15 F. Supp. 2d 1173, 1192 (M.D. Ala. 1998).  In his Second Amended Complaint, Walker asserts that on the date of the arrest, Chief Parrish "maintained a system of grossly inadequate training pertaining to the law of permissible arrests and such program fails to meet standard police training principals and criteria."  (Doc. No. 31 at 5.)  To the contrary, Defendants present an affidavit from Chief Parrish establishing that on March 30, 2010, he was neither the

---

[6] On September 25, 2019, after expiration of the discovery deadline on September 16, 2019, Walker requested leave to file a third amended complaint in which he sought to add Officer Grantham as a party defendant and identify both Officer Miller and Officer Grantham as the arresting officers.  (Doc. No. 64.)  The motion was denied by the Court for Walker's failure to exercise diligence in naming a defendant whom had been known to Walker since his March 30, 2010, arrest and whom Walker knew was the sole officer who signed the criminal complaint and the sole witness in both criminal trials.  (Doc. No. 71.)

chief of the Dothan Police Department nor was he responsible for the supervision or training of Dothan police officers.  (Doc. No. 68-1 at 2.)  This affidavit remains unrefuted as Walker has not provided any argument nor evidence regarding Chief Parrish's role in the malicious prosecution.   Walker's conclusory allegations in his Second Amended Complaint, which are unsupported by specific evidence, do not create an issue of fact for trial.  *See Celotex Corp.*, 477 U.S. at 324 ("Rule 56(e) [. . .] requires the nonmoving party to go beyond the pleadings and [. . .] designate 'specific facts showing that there is a genuine issue for trial.'").  Walker has wholly failed to show that there was an institution or continuation of a judicial proceeding by or at the instance of Chief Parrish and thus failed "to make a showing sufficient to establish the existence of an element essential to his case, and on which [he] bear[s] the burden of proof at trial."  *Celotex Corp.,* 477 U.S. at 322.  Consequently, Chief Parrish is entitled to summary judgment on Walker's § 1983 claim for malicious prosecution.

### 2.  Municipal Liability of the City of Dothan

Finally, Defendants argue that Walker has not established sufficient facts to impose municipal liability against Dothan "for the alleged malicious prosecution by its employees using the theory of *respondeat superior*."  (Doc. No. 68 at 17.)  Defendants assert that "[i]n order to impose municipal liability under § 1983, a Plaintiff must allege facts showing: '(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.'" (*Id.* (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004))).

In response to the motion for summary judgment, Walker argues that he "is not trying to impose respondent superior liability against the City of Dothan, but alleges the City of Dothan violated his constitutional rights by its own custom and policy of deliberate indifference."  (Doc. No. 73 at 7.)  Walker asserts that the custom or policy at issue is "allowing the city manager, rather than the mayor to appoint special sitting judges, is the moving force behind [the] constitutional depravation, since the appointment for the person who allegedly judged [him] had no legal authority to do such."  *Id.*  Walker further argues that because of the "city's own negligence and deliberate indifference by failing to correct its custom or policy of appointing judges, the City of Dothan is liable, directly, for its role in [his] prosecution . . . ."  *Id.*

Walker has clearly changed course from his Second Amended Complaint.  In his Second Amended Complaint, he alleges that Dothan is liable due to "inadequate training pertaining to the law of permissible arrests" and such "failure to train was done with deliberate indifference."  (Doc. No. 31 at ¶¶ 28, 30.)  The Second Amended Complaint does not include any allegations pertaining to the inappropriate appointment of judges. Walker "may not amend [his] complaint through argument in a brief opposing summary judgment."  *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (citation omitted) (finding new claims may not be raised by a non-movant in response to a summary judgment motion).  Therefore, this Court cannot consider Walker's newly-alleged inappropriate appointment of judges claim.

The Court considers Walker's § 1983 claim against Dothan as alleged in the Second Amended Complaint and finds Walker has failed to adduce any evidence from which a

reasonable jury could conclude there is a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."). Walker bases his municipal liability claim on Dothan's failure to train its officers as to the law of permissible arrests, searches and imprisonments. (Doc. No. 31 at ¶¶ 28, 29, 30.) Yet the Supreme Court has held that a "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for the purpose of failure to train." *See Connick v. Thompson*, 563 U.S. 51, 62 (2011). "Without notice that a course of training is deficient in a particular response, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

Walker has alleged no facts nor presented any evidence to show any prior incidents of false arrests for obstruction of governmental operations, unlawful searches or false imprisonments that would put Dothan on notice of any need for training. Walker has presented no evidence sufficient to create a triable issue of fact. Because there are no facts in the record to support it, Walker's municipal liability theory against Dothan fails and summary judgment is due to be granted in favor of Dothan.

C. Walker's State Law Claim

Having disposed of Walker's federal law claim, the court now turns to his remaining state law claim for malicious prosecution. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which a federal district court has original jurisdiction, the district court shall have

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.  Thus far, the Court has exercised supplemental jurisdiction over Walker's state law claim based on the Court's original jurisdiction over his federal law claim.  28 U.S.C. § 1367(a).  However, where the district court "has dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction over any remaining claims.  28 U.S.C. § 1367(c).  "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction."  *Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir. 1997).  The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."  *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004).  *See also Kamel v. Kenco/The Oaks at Boca Raton LP*, 321 F. App'x 807, 811 (11th Cir. 2008) (referring to as "well settled in our circuit" that district courts should dismiss state law claims when the federal claims are dismissed).

In granting Defendants' motion for summary judgment, the Court dismisses Walker's federal law claim.  As a result, there are no remaining claims over which the Court may exercise original jurisdiction.  Considering the relevant factors, the Court finds that the state law claim remaining in this action is best resolved by the Alabama state courts.  The remaining claim raises issues of state law only that do not implicate federal interests in any manner.  Further, because 28 U.S.C. § 1367(d) tolls the state statute of limitations, there is no unfairness to Walker resulting from dismissal.  Accordingly, the Court declines

to exercise supplemental jurisdiction over Walker's remaining state law claim against Defendants and dismisses the claim without prejudice to his right to pursue it in state court.

## V.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED as follows:

1.      Defendants' Motion for Summary Judgment (Doc. No. 67) is GRANTED as to Count I of the Second Amended Complaint.

2.   Count I of the Second Amended Complaint is DISMISSED with prejudice.

3.   Count II of the Second Amended Complaint is DISMISSED without prejudice.

A separate judgment will be entered.

DONE this 21st day of December, 2020.

/s/  Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE